IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANITA BOUTRUP, DAVE BOUTRUP LANDLORD(s); BOUTRUP REVOCABLE LIVING TRUST "B,"

Plaintiffs, No. CIV-S-09-2678 GGH

vs.

BRADLEY WAHSBURN, ELIZABETH WASHBURN, ORDER

Defendants.

_____________________________________/

*Background*

Plaintiffs (Boutrup) are individuals and an entity with an interest in real property (apartments) which they lease to tenants. Defendants ("Washburn") are a husband and wife who leased an apartment from Boutrup in March 2009. Washburn perceived problems with the habitability of the property and so informed a Sacramento housing authority with cognizance over such things. Apparently, Boutrop was fined for the alleged violations. Shortly thereafter, Washburn was given a notice to vacate the premises pursuant to the rental agreement and state law.

Washburn would not vacate; Boutrop filed an unlawful detainer action. After meeting with little success on a demurrer to the unlawful detainer action and an abortive appeal in

Sacramento Superior Court, Washburn removed the action to federal court. The removal was effected on the basis that Washburn believed the proceeding in state court to have been initiated or maintained in violation of the due process and equal protection clauses of the Fourteenth Amendment to the Constitution. At hearing Washburn made clear (as did some filed exhibits) that the underlying basis for this assertion was a claimed retaliation against Washburn by Boutroup after the report of problems to the city housing agency.

Boutrop immediately filed a motion to remand and an application to shorten time to have this matter heard. The undersigned partially granted the request to accelerate the hearing. An opposition was filed by Washburn, and a hearing was held in court on November 19, 2009. Washburn (both husband and wife) appeared as did counsel for Boutrop.

*Discussion*

The unlawful detainer complaint removed from state court does not contain any federal law allegations. Nor does any party here claim diversity of citizenship. Washburn believes that [their] alleged constitutional violations urged as a defense to the unlawful detainer action permits the removal.

However, as established case law makes clear, the fact that a party may wish to defend an action brought pursuant to state law by means of resort to federal law does not permit removal. "For better or worse... a defendant may not remove a case to federal court unless the plaintiff's *complaint* establishes that the case 'arises under' federal law." Franchise Tax Brd. v. Const. Laborers Vacation Trust, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846 (1983) (emphasis added). While there are very infrequently applied exceptions to this rule, e.g. where a defendant establishes that the state claim is "totally preempted" by federal law, no exception is applicable here. The closest applicable exception, at least superficially, is that exception which permits a case to be removed when state law precludes the state courts from enforcing federal civil rights in state court.

\\\\\

However, the requirements of that exception mandate that the removing state defendant demonstrate (1) an action has been taken against the removing defendant which violates federal, racial civil rights law, and (2) there is a provision in state law which expressly precludes enforcement of that right. Patel v. Del Taco, Inc., 446 F.3d 996, 998-999 (9th Cir. 2006). Those requirements have not been established by Washburn. Moreover, the very defense Washburn desires to present, retaliatory eviction, is permitted as an affirmative defense in state court unlawful detainer actions. 28 Cal. Jur. 3rd, Ejectment and Related Remedies, § 112. Therefore, the removal of this case from state court was improper, and the case must be remanded to state court.

Boutrop has requested fees and costs for the improper removal pursuant to 28 U.S.C. § 1447(c). In reviewing awards of fees and cost under that statute, the Supreme Court has held that absent unusual circumstances – a removal that was objectively unreasonable should warrant an award of fees and costs, and conversely, a removal that was objectively reasonable should result in a denial of fees. However, simply because a court determined that plaintiff's rationale for removal was defective does not automatically mean that an award should be made. Lussier v. Dollar Tree Stores, Inc, 518 F. 3d 1062, 1065 (9th Cir. 2008). Moreover, while having the status of pro se does not set up a dichotomy of rules vis-a-vis represented litigants, that pro se status warrants some consideration when reviewing a § 1447(c) request. HSBC Bank v. Bryant , 2009 WL 3787195 *5 (S.D. Cal. 2009). Here, persons unschooled in the law believed that if they raised a federal constitutional claim, even as a defense, federal court was the place to have that adjudicated. Washburn was wrong, but given [their] untrained status, not unreasonable. In addition, Washburn has a fighting chance with a retaliatory eviction defense; these removing defendants just mistook their place to have that fight. It is an unusual circumstance, in the experience of the undersigned, for pro se litigants to have much of a claim or defense in any court. This is the unusual circumstance in that respect. Finally, the undersigned determined to hear Boutrop's claim as soon as possible so as to mitigate any prejudice the removal may have caused

that party in terms of obtaining an expeditious unlawful detainer ruling (which, as observed above might be adverse).

For the above reasons, Boutrop's request for § 1447(c) fees and costs are denied.

*Conclusion*

This action was improperly removed, and must be remanded to state court for continuation of the unlawful detainer action.[1] The Clerk shall mail a certified copy of this order to the state court referenced in the exhibits in this case (Sacramento Superior Court, Carol Miller annex). Each party shall bear his, her or its own costs and fees.

IT IS SO ORDERED.

DATED: November 23, 2009.

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

boutrup.rem

---

[1]As discussed at hearing, it appears that the state court violated 28 U.S.C. § 1446(d) in that it scheduled a trial date of December 3, 2009 in state court after the case had been removed to federal court. After removal, "the State court shall proceed no further unless and until the case is remanded." Id. Under the Supremacy Clause of the Constitution, this federal statute would take precedence over state law which might have permitted such a scheduling. While this court has no authority to vacate the state court action, the apparent violation is a point which can be raised in state court by Washburn [and one that should be raised by Boutrop] after this remand, and a point which can be remedied in state court.